UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY SMITH, | Case No. 3:15-cv-00034-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| JAMES COX, et al., | |
| Respondents. | |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Larry Smith's petition (dkt. no. 13). Smith opposed (dkt. no. 20), and respondents replied (dkt. no. 21).

I.  **PROCEDURAL HISTORY AND BACKGROUND**

On April 10, 2007, a jury convicted Smith of lewdness with a child under fourteen years of age. (Exhibit 18 to motion to dismiss, dkt. no. 13.)[1] The state district court sentenced Smith to life with the possibility of parole after ten years. (Exh. 22.) The judgment of conviction was filed on May 30, 2007. (Exh. 21.)

The Nevada Supreme Court affirmed the conviction on April 10, 2008, and remittitur issued on May 6, 2008. (Exhs. 41, 46.) The Nevada Supreme Court affirmed the state district court's dismissal of Smith's state postconviction petition on January 16, 2014, and remitittur issued on February 10, 2014. (Exhs. 87, 88.)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, dkt. no. 13, and are found at dkt. nos. 13-17.

Smith dispatched his federal petition for mailing on or about January 12, 2015. (Dkt. no. 5.) Respondents now argue that several grounds in the petition should be dismissed as unexhausted or procedurally barred. (Dkt. no. 13.)

## II.  LEGAL STANDARDS

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

### A.  Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v.*

2

*Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Finally, a claim is exhausted only when it is presented in a way that provides the state courts with an opportunity to rule on its merits. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *McQuoun v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986).

**B.    Procedural Default**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law

///

3

ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III.   INSTANT PETITION

#### A.   Grounds 1(d), 1(e), and 10

Grounds 1(d) and 1(e) both allege ineffective assistance of counsel in violation of Smith's Sixth and Fourteenth Amendment rights. In ground 1(d), Smith claims that his trial counsel was ineffective for failing to ensure that the state district court gave him notice of the sex offender registration requirements prior to sentencing, and in ground 1(e), Smith contends that appellate counsel was ineffective when he refused to withdraw after Smith advised him of a conflict and demanded that he withdraw (dkt. no. 5 at 3). Smith claims in ground 10 that the state district court's failure to provide notice of sex offender registration violated his Fourteenth Amendment due process rights. *Id.* at 34.

///

4

Respondents acknowledge that Smith presented these three grounds to the Nevada Supreme Court (dkt. no. 13 at 4-5). However, they point out that, in its order affirming the denial of Smith's postconviction petition, the state supreme court declined to consider these claims on their merits because Smith did not present them to the state district court first. (Ex. 87 at 3-4.) These claims were not presented to the Nevada Supreme Court in a procedurally proper manner that would permit them to be properly considered on their merits, and therefore, they are unexhausted. *See* Ex. 55; *see also Castille*, 489 U.S. at 351; *McQuoun*, 795 F.2d at 809. Accordingly, the Court concludes that grounds 1(d), 1(e), and 10 are unexhausted.[2]

### B.   Ground 3

Smith contends that witness Martha Smith's vouching for the victim at trial violated his Fifth and Fourteenth Amendment rights to due process and a fair trial (dkt. no. 5 at 12-13). Respondents argue that Smith presented this claim in his direct appeal as a matter of state law only. The Court has carefully reviewed Smith's direct appeal and the Nevada Supreme Court's order affirming his conviction. In Smith's direct appeal, he argues that the denial of a mistrial based on Martha Smith's improper testimony was not harmless error. (Exh. 34 at 10-13.) While he makes brief reference to a "fair trial," he relies on state caselaw, which in turn also rests on state law. This is insufficient to raise a claim of federal constitutional error.[3] *Hiivala*, 195 F.3d at 1106; *Peterson*, 319 F.3d at 1158. Accordingly, federal ground 3 is unexhausted.

### C.   Grounds 1(c) and 6

In ground 1(c), Smith asserts that he and his trial counsel had a conflict of interest (dkt. no. 5 at 3-4). In ground 6, he contends that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights when it denied his request for substitute

---

[2] In their reply in support of the motion to dismiss, respondents abandoned their contention that grounds 8 and 9 were unexhausted (dkt. no. 21 at 4).

[3] The Court notes, by way of comparison, that Smith asserted other claims in his direct appeal that rested explicitly on the Fourteenth Amendment's due process protections. *See* Exh. 34, at 7-10, 14-21.

5

counsel. *Id.* at 22-24. In affirming the denial of the state petition, the Nevada Supreme Court concluded that Smith's claims based on an alleged conflict of interest were waived because Smith failed to raise them on direct appeal. (Exh. 87 at 3.)

Under Nevada law, the state district court shall dismiss a state postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS § 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS § 34.810(3). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims that correspond to federal grounds 1(c) and 6. (Exh. 87 at 3.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.810 — is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this Court finds that the Nevada Supreme Court's determination that federal grounds 1(c) and 6 are procedurally barred under NRS § 34.810(1)(b) was an independent and adequate ground for the Court's dismissal of those claims in the state petition. In his opposition to the motion to dismiss, Smith makes a bare assertion that ineffective assistance of counsel provides good cause for him to overcome the procedural bar (dkt. no. 20 at 2). But "[c]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray*, 477 U.S. at 492. The Court concludes that Smith's naked claim of ineffective assistance of counsel fails to demonstrate cause for the procedural default. Accordingly, grounds 1(c) and 6 are dismissed as procedurally barred.

**D.     Ground 7**

Finally, in ground 7, Smith contends that the state district court abused its discretion in denying his state postconviction petition, in violation of his Fifth, Sixth and Fourteenth Amendment rights (dkt. no. 5 at 26-27). The Court agrees with respondents

6

that a "blanket claim" that the state district court abused its discretion in dismissing his petition fails to state a claim for relief under AEDPA or is duplicative of the other federal grounds (dkt. no. 13 at 7) (28 U.S.C. § 2254(d) provides that this Court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court).  Ground 7, therefore, is dismissed.

## IV.  PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the Court finds that (a) ground 7 is dismissed for failure to state a claim cognizable in federal habeas corpus; (b) grounds 1(c) and 6 are procedurally barred; and (c) grounds 1(d), 1(e), 3, and 10 are unexhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

   1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

   2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

   3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

   [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover,

7

> even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V.    CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (dkt. no. 13) is granted as follows:

The following grounds are dismissed as set forth in this order: grounds 1(c), 6 and 7.

The following grounds are unexhausted: grounds 1(d), 1(e), 3, and 10.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to

8

hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 26th day of February 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE