UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LARRY SMITH,

Petitioner,

v.

JAMES COX, et al.,

Respondents.

Case No. 3:15-cv-00034-MMD-VPC

ORDER

This Court granted respondents' motion to dismiss petitioner Larry Smith's *pro se* 28 U.S.C. § 2254 habeas petition in part and concluded that grounds 1(d), 1(e), 3 and 10 were unexhausted. (ECF No. 22.) Now before the Court is Smith's motion for stay and abeyance in accordance with *Rhines v. Weber* in order that he may exhaust those grounds (ECF No. 34). Respondents opposed (ECF No. 35) and Smith replied (ECF No. 36).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated February 26, 2016, this Court granted respondents' motion to dismiss in part and concluded that several grounds were unexhausted. (ECF No. 22.) In ground 1(d), Smith claims that trial counsel was ineffective for failing to ensure that the district court provided notice of sex offender status prior to sentencing; and in ground 10, Smith contends that his due process rights were violated when the district court failed to provide such notice. (ECF No. 5 at 3, 34.) In ground 1(e), Smith argues that appellate counsel was ineffective for failing to comply with Smith's demand that counsel withdraw. (*Id.* at 3, 6.) In ground 3, Smith claims that his due process and fair trial rights were

violated because Martha Smith's improper vouching for the victim warranted a mistrial. (*Id.* at 12-13.)

Smith argues that he can demonstrate good cause for failure to exhaust these claims because he does not understand the procedural process and that documents filed for him by others led him to mistakenly believe that he had fairly presented the claims to the Nevada Supreme Court in his state postconviction petition. (ECF No. 34.) However, a petitioner's claim of confusion about whether a claim was exhausted is not sufficient cause for a stay. *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). This Court concluded that grounds 1(d), 1(e), and 10 were unexhausted because Smith did not raise them in his state postconviction petition. Rather, he raised them for the first time on appeal of the denial of the state postconviction petition, and the Nevada Supreme Court declined to consider the claims because they had not been presented to the state district court. Smith presents no factual allegations to explain why he raised the claims to the Nevada Supreme Court in the first instance. Federal ground 3 is unexhausted because it was raised on direct appeal as a state-law claim only. Moreover, respondents point out that Smith was capable of exhausting the other claims that remain pending in his federal habeas petition. (ECF No. 35 at 5.) Rather than demonstrate that the claims are potentially meritorious, Smith contends that the standard is that "if there is the slightest chance" that petitioner would prevail on the claims that he is entitled to a stay.

Smith's argument that his mistaken belief that he had exhausted these grounds is the rationale that the Ninth Circuit rejected in *Wooten*. That court explained that if such belief or impression that claims are exhausted constituted good cause it would render stay-and-abey orders routine. *Wooten*, 540 F.3d at 1024. The court concluded that such result would contravene *Rhines* and undermine the goals of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Id.*; *see also Rhines*, 544 U.S.
///

276-277. Smith has failed to demonstrate good cause for a stay and abeyance of these proceedings. His motion will be denied.

On May 17, 2017, Smith filed a "courtesy notice of intent to proceed with exhaustion of unexhausted claims" (ECF No. 39) with this Court. He explains that "in order to show due diligence, [he] will submit his supplemental claims in state court between June 1 and June 10, 2017." *Id.* This Court expressly advises Smith that regardless of whether or how he proceeds in state court, in this federal habeas action, he must, within thirty (30) days, either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is therefore ordered that petitioner's motion for stay and abeyance (ECF No. 34) is denied.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that petitioner's two motions for status check (ECF Nos. 37 and 38) are both denied as moot.

DATED THIS 2nd day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE