|     |                                                                                      |                                  |
| --- | ------------------------------------------------------------------------------------ | -------------------------------- |
|     | UNITED STATES DISTRICT COURT                                                         |                                  |
|     | DISTRICT OF NEVADA                                                                   |                                  |
|     | * * *                                                                                |                                  |
|     | LARRY SMITH,                                                                         | Case No. 3:15-cv-00034-MMD-VPC   |
|     | Petitioner,                                                                          | ORDER                            |
|     | v.                                                                                   |                                  |
|     | JAMES COX, et al.,                                                                   |                                  |
|     | Respondents.                                                                         |                                  |

This Court granted respondents' motion to dismiss petitioner Larry Smith's *pro se* 28 U.S.C. § 2254 habeas petition in part and concluded that grounds 1(d), 1(e), 3 and 10 were unexhausted (ECF No. 22). Smith filed a motion for stay and abeyance in accordance with *Rhines v. Weber* (ECF No. 34), which this court denied (ECF No. 40). Now before the Court is Smith's motion for reconsideration of the denial of the motion to stay (ECF No. 41). Respondents opposed (ECF No. 43), and Smith replied (ECF No. 44).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

Fed. R. Civ. P. 60(b) provides that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

> (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987).

This Court rejected Smith's argument in his motion for stay that he had good cause for failure to exhaust the claims due to his lack of understanding of the procedural process and his mistaken belief that he had fairly presented the claims to the Nevada Supreme Court in his state postconviction petition (ECF No. 34). *See Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). Smith now argues, with no elaboration, that he did in fact exhaust the claims (ECF No. 41). Further, he appears to alternatively argue, for the first time, that ineffective assistance of counsel on appeal and for his state postconviction petition provides cause for his failure to exhaust the claims. In *Blake v. Baker*, the Ninth Circuit determined that a showing of ineffective assistance of postconviction counsel in line with

///

///

*Martinez v. Ryan*, 566 U.S. 1 (2012),[1] may serve as good cause for a stay if the petitioner provides evidence to support the underlying theory of ineffective assistance of counsel. 745 F.3d at 982-984. The Court finds that Smith is not entitled to a stay.

First, Smith sets forth no reason why he was unable to argue in his motion for stay that IAC of appellate and postconviction counsel provides good cause for a stay. He certainly has not demonstrated highly unusual circumstances, newly discovered evidence, clear error, or an intervening change in the controlling law that would warrant granting his motion for reconsideration. *Herbst*, 260 F.3d at 1044. Moreover, *Martinez*'s application is to claims that state postconviction counsel failed to raise trial-counsel IAC claims. Smith's claim in ground 10 is a claim of trial court error, and his claim in ground 3 is a claim that a trial witness improperly vouched for the victim; these are not IAC claims. Thus, any claim that postconviction counsel was ineffective is irrelevant to Smith's failure to fairly present grounds 3 and 10 in state court in any event.

Second, the United States Supreme Court has subsequently declined to expand the "narrow" *Martinez* exception to claims of ineffective assistance of appellate counsel. *Davila v. Davis* 137 S.Ct. 2058, 2065 (June 26, 2017). Ground 1(e) is a claim of appellate IAC. Thus, a *Martinez* argument that postconviction counsel was ineffective is also irrelevant to Smith's failure to fairly present ground 1(e) in state court.

Finally, with respect to the ground 1(d) claim of IAC of trial counsel, the Court notes that Smith has not demonstrated that it is potentially meritorious. He claims trial counsel failed to ensure that the trial court inform Smith of the sex offender registration requirements prior to sentencing. However, this was not a guilty plea; a jury convicted Smith of lewdness with a minor. Thus, it is utterly unclear how Smith could have been prejudiced by not being fully aware of the sex offender registration requirements prior to sentencing.

---

[1]The Court held in *Martinez* that ineffective assistance of state postconviction counsel may provide cause to excuse the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1. Smith never invokes *Martinez*, but appears to be making a *Martinez* argument.

1 | The Court determines that Smith has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's order denying his motion for stay and abeyance should be reversed. Accordingly, Smith motion for reconsideration of the denial of his motion for stay and abeyance is denied. Petitioner will be given a final opportunity to inform this Court as to whether he wishes to voluntarily abandon these claims and proceed on the exhausted grounds (*see infra*).

It is therefore ordered that petitioner's motion for district judge to reconsider order (ECF No. 41) is denied.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

DATED THIS 2nd day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE