UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LARRY SMITH,<br><br>Petitioner,<br>v.<br>JAMES COX, *et al.*,<br><br>Respondents. | Case No. 3:15-cv-00034-MMD-CBC<br><br>ORDER |

In response to this Court's order, Petitioner Larry Smith filed a declaration on May 18, 2018, stating that he abandoned unexhausted grounds 1(d), 1(e), 3, and 10 of his habeas petition (ECF No. 51). On August 10, 2018, Respondents filed an answer to the remaining grounds of the Petition (ECF No. 55). Now before the Court is Smith's motion "to recall all abandoned IAC [ineffective assistance of counsel] claims" (ECF No. 58). As discussed below, the motion is denied.

Smith's motion is properly construed as a motion for leave to amend the petition. He informs the Court that on August 24, 2018, the Nevada Court of Appeals affirmed the denial of his second state postconviction petition as procedurally barred because it was untimely, successive, and an abuse of the writ. *See Smith v. Nevada*, Case No. 73719, Dkt. No. 18-901910 (Nev. Ct. App. Aug. 24, 2018). Smith apparently presented claims of ineffective assistance of counsel in his second state postconviction petition (*see* ECF No. 58 at 2). Presumably, although not entirely clear, Smith now seeks to amend his petition to add the IAC claims that were unexhausted grounds 1(d) and 1(e). However, this Court need not grant leave to amend if such amendment is futile. Fed. R. Civ. P. 15(a); *see, e.g.*, *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004). Any claims Smith seeks to add that he presented in the second state postconviction petition are procedurally defaulted. Smith notes, with no elaboration, that he "likely qualifies" to invoke *Martinez v.*

*Ryan*, to provide cause and prejudice to overcome the procedural default of these claims. 566 U.S. 1 (2012). This is insufficient to demonstrate that amendment is not futile. Smith's motion is denied as futile. The Court gives Smith 30 days to file a reply in support of his Petition, if any.

Smith also filed two motions for a copy of the docket sheet, stating that he had not received any copies of anything filed after his motion to recall claims. However, nothing has been filed by Respondents since Petitioner filed that motion. Accordingly, the motions are denied.

It is therefore ordered that Petitioner's motion to recall all abandoned IAC claims (ECF No. 58) is denied.

It is further ordered that Petitioner will have 30 days to file a reply, if any, in support of his Petition.

It is further ordered that Petitioner's two motions for copy of docket sheet (ECF Nos. 59, 60) are both denied.

DATED THIS 22nd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE